

**Tre Hargett**
Secretary of State

**Division of Business Services**
**Department of State**
State of Tennessee
312 Rosa L. Parks AVE, 6th FL
Nashville, TN 37243-1102

CRST EXPEDITED INC
AKA/POE: R/A COGENCY GLOBAL INC
STE 800
155 E MARKET
INDIANAPOLIS, IN 46204

03/04/2019

*2nd Notice 7.*



RE: DIXIE SHAW AND DIXIE SINGLETARY

VS: DARIUS RUSSELL AND CRST EXPEDITED

## Notice of Service

The enclosed process, notice or demand is hereby officially served upon you by the Tennessee Secretary of State pursuant to Tennessee law. Please refer to the process, notice or demand for details concerning the legal matter. If you have any questions, please contact the clerk of the court that issued the process, notice or demand.

The process, notice or demand may have a court date and time that you must appear to defend yourself or the number of days from the date of service by which you are required to file an answer. Failure to appear in court at the time specified or failure to file an answer in the given time could result in a default judgement being rendered against you for relief sought in the lawsuit.

The Secretary of State's office cannot give you legal advice. If you need legal advice, please consult a private attorney.

*Tre Hargett*

Tre Hargett
Secretary of State

Enclosures: Original Documents

**DOCUMENT INFORMATION**

SOS Summons # : 07057715

Case #:  2019-CV-51

Certified #:  70181830000045413504

*QRS135388*
*Sue HANLIN @ CBCS*
*AR Remer.*
*sent 3/12/18*

SS-4214 (Rev. 8/15)

**EXHIBIT**
**1**

RDA 1003

## SUMMONS

DIXIE SHAW and DIXIE SINGLETARY,

    Plaintiff,

v.

DARIUS RUSSELL and CRST EXPEDITED,
INC.,

    Defendant.

Docket No. 2019-cv-51

## SECRETARY OF STATE

**To:**   CRST Expedited Inc.
    c/o Registered Agent, Cogency Global Inc.
    155 E. Market, Suite 800
    Indianapolis, IN 46204

You are hereby summoned and required to serve upon **Sarah M. Booher of OEB LAW, PLLC**, Plaintiff's attorney, at 706 Walnut Street, Suite 700, Knoxville, TN 37902, 865-546-1111, a true copy of the defense to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. You will file the original pleading with the Court. If you fail to do so, judgment will be taken against you for the relief demanded in the Complaint.

Issued this the 25 day of February , 20 19 .

Witness, Rhonda Cooley , Clerk of said Court at office in Athens , Tennessee.

                                  Rhonda Cooley
                                    CIRCUIT COURT CLERK

             By: de
                              DEPUTY CLERK

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a Ten Thousand Dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself, your family and trucks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. T.C.A. § 26-2-114.

Received this the _____ day of _____, 20____.

                                    Deputy Sheriff/Process Server

[ ] I hereby certify and return that on the _____ day of _____, 20____.
[ ] I served this summons together with the Complaint as follows: _____

[ ] I failed to serve this summons within 90 days after its issuance because _____

                                  Sheriff/Deputy Sheriff/Process Server

DIXIE SHAW and DIXIE
SINGLETARY,

      Plaintiffs,

v.

DARIUS RUSSELL and CRST
EXPEDITED, INC.,

      Defendants.

Docket No. 2019-CV-51

[JURY DEMANDED]

FILED

910

CIRCUIT COURT
BY ___ 4C ___

---

## COMPLAINT

---

Come the Plaintiffs, Dixie Shaw and Dixie Singletary (hereinafter collectively
"Plaintiffs"), and sue Darius Russell (hereinafter "Defendant Driver") and CRST Expedited Inc.
(hereinafter "Defendant Owner") (hereinafter collectively "Defendants") and, upon information
and belief, avers as follows:

1.     Plaintiffs are citizens and residents of Leesburg, Lake County, Florida.

2.     Defendant Driver resides at 206 Swift Street, Atmore, AL 36502.

3.     Defendant CRST Expedited Inc. (hereinafter referred to as "Defendant Owner"), is a duly
   licensed business with its principal office located in the state of Iowa, and may be served
   through its registered agent, Cogency Global, Inc. as follows: 155 East Market, Suite 800,
   Indianapolis, IN 46204.

4.     At all times material hereto, Defendant Driver was operating a vehicle owned by
   Defendant Owner, with the knowledge, consent, and permission of Defendant Owner.
   Further, Defendant Driver was operating said vehicle in the course and scope of his
   employment under the theory of respondeat superior with Defendant Owner, and serving
   as its agent, servant, and employee and in furtherance of its business interests.
   Accordingly, the negligence of Defendant Driver is imputed to Defendant Owner, and
   both parties are jointly and severally liable.

5.     The claims for relief of the Plaintiff arise from a vehicular collision, which occurred in
   McMinn County, Tennessee. Venue is proper pursuant to T.C.A. § 20-4-101(a).

## CAUSES OF ACTION

### COUNT ONE – NEGLIGENCE

6. On or about February 25, 2018, Defendant Driver was driving a 2018 tractor trailer, owned by Defendant Owner, in the southbound rest area of Interstate 75 in McMinn County.

7. Defendant Driver failed to exercise due care as he attempted to park his vehicle, colliding with the U-Haul step van that Plaintiffs were occupying.

8. Defendant Driver's actions are one hundred percent the cause of the collision.

9. Defendant Driver violated the duty to exercise due care to protect people on the road.

10. Defendant Driver violated the duty to operate their vehicle as ordinary and prudent people would to protect other people on the road.

11. Defendant Driver violated the duty to stop their vehicle before crashing into another automobile to protect other people on the road.

12. Defendant Driver's violation of the above-mentioned rules constitutes negligence.

13. In causing the crash, Defendant Driver is guilty of common law negligence. Among the aforementioned specific acts of negligence, other acts of negligence on the part of the Defendant Driver are:

    a. Failure to keep a proper lookout;

    b. Failure to keep the vehicle under proper control;

    c. Failure to keep a safe distance between him and the automobiles around him;

    d. Failure to yield right of way;

    e. Failure to make any reasonable effort to avoid the collision;

    f. Failure to maintain a safe speed for traffic conditions;

    g. Failure to avoid the collision.

14. Defendant Driver's aforementioned acts are the direct and proximate cause of the crash and the harms and losses to the Plaintiffs.

15. Defendant Driver is one hundred percent at fault for the crash and one hundred percent at fault for the harms and losses to the Plaintiffs.

16. Defendant Driver is guilty of violating the following statutes which constitute negligence per se:

| a. | T.C.A. § 55-8-103 | Required Obedience to Traffic Laws; |
| b. | T.C.A. § 55-10-205 | Reckless Driving |
| c. | T.C.A. § 55-8-136 | Negligent in Failing to Exercise Due Care |
| d. | T.C.A. § 55-8-123 | Traffic Lanes |
| e. | T.C.A. § 55-8-142 | Turning; Procedure |

17. Defendant Driver's violation of these statutes constitutes negligence per se and caused the crash and the harms and losses of the Plaintiffs.

18. As a direct and proximate result of the carelessness, recklessness, and negligence of Defendant Driver, Plaintiffs have suffered serious bodily injury.

19. Plaintiffs have suffered the following other harms and losses as a result of the carelessness, recklessness, and negligence of Defendant Driver:

    a. Necessary medical care and treatment, past and future;

    b. Severe bodily injuries, past and future;

    c. Pain and mental stress, past and future;

    d. Medical and hospital expenses, past and future;

    e. Loss of enjoyment of life, past and future.

20. These harms and losses were suffered as a direct and proximate result of the negligence of Defendant Driver.

21. Upon information and belief, Defendant Owner committed the following acts of common law negligence:

    a. Allowed an immediate family member and/or agent, Defendant Driver, to negligently operate a motor vehicle owned by Defendant Owner.

    b. Negligently entrusted a motor vehicle owned by Defendant Owner to an immediate family member and/or agent.

    c. Allowed an immediate family member and/or agent to negligently operate a motor vehicle owned by Defendant Owner.

    d. Any and all other negligent acts or occurrences which may be shown during the course of these proceedings.

22. Plaintiffs are without fault in this cause.

23. Plaintiffs reserve the right to amend this Complaint should the same become necessary.

**WHEREFORE, PLAINTIFFS DEMANDS THE FOLLOWING:**

1. That appropriate process be issued and served upon the Defendants, , and that Defendants, both jointly and severally be required to appear and answer this Complaint within the time required by law.

2. That Plaintiffs each be awarded a Judgment against the Defendants for compensatory damages in an amount to be determined by the jury as fair and reasonable, not to exceed Three Hundred Thousand Dollars ($300,000.00) each.

3. That the costs of this action be awarded to the Plaintiff against the Defendants.

4. Such further and other general relief as the Court deems appropriate.

5. A jury of twelve (12) persons to try this cause.

Respectfully submitted this the 22nd day of February, 2019.

Sarah M. Booher, BPR #035051
For the Firm
OEB LAW, PLLC
*Attorney for the Plaintiffs*
706 Walnut Street, Suite 700
Knoxville, TN 37902
(865) 546-1111 (phone)
(865) 566-0658 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have furnished a true and exact copy of the foregoing to

DARIUS RUSSELL
206 SWIFT ST
ATMORE, AL 36502

CRST EXPEDITED, INC
c/o REGISTERED COGENCY GLOBAL INC.
155 EAST MARKET, SUITE 800
INDIANAPOLIS, IN 46204

via US First Class Mail with sufficient postage thereon to guarantee delivery of the same thereto on this the 22nd day of February, 2019.

_Sarah M. Booher_
Sarah M. Booher

IN THE CIRCUIT COURT FOR MCMINN COUNTY, TENNESSEE

DIXIE SHAW and DIXIE
SINGLETARY,

     Plaintiffs,

v.

DARIUS RUSSELL and CRST
EXPEDITED, INC.,

     Defendants.

Docket No. 2019-CV- 51

[JURY DEMANDED]

FILED

910

RECEIVED O.C. BY
CIRCUIT COURT CLERK

BY

## COST BOND

I certify myself as surety in this cause pursuant to T.C.A. § 20-12-120 for the Court costs in this matter but no further.

_Sarah M. Booher_
Sarah M. Booher

## IN THE CIRCUIT COURT FOR McMINN COUNTY, TENNESSEE

DIXIE SHAW and DIXIE
SINGLETARY,

      Plaintiffs,

v.

DARIUS RUSSELL and CRST
EXPEDITED, INC.,

      Defendants.

Docket No. 2019-CV-51

[JURY DEMANDED]



FILED

910

BY

---

### REQUESTS FOR ADMISSIONS TO DEFENDANT RUSSELL

---

    The undersigned attorney, on behalf of the Plaintiff, requests that **Defendant Darius Russell** make the following admissions, pursuant to the *Tennessee Rules of Civil Procedure* Rule 36 and the local rules of the Court, for the purpose of this action only and subject to all pertinent objections to the admissibility that may be interposed at trial.

    Should you admit or deny the truth of any matter of fact or information or belief, so state in detail the nature and source of the information on which said response is based. You are further notified that if the following admissions are not properly responded to, the requesting party will seek full sanctions as provided in the *Tennessee Rules of Civil Procedure* including, but not limited to, moving the Court to assess the expenses of proving the fact covered by said admissions, including attorney's fees incurred in making such proof.

1. Admit that on or about February 25, 2018, the vehicle you were driving hit the vehicle in which the Plaintiffs were riding.

RESPONSE:

2. Admit that at the time of the collision, there were no obstructions to your vision.

RESPONSE:

3. Admit that at the time of the collision, you were traveling at a speed that would not allow you to bring your vehicle to a stop without hitting the Plaintiffs' vehicle.

RESPONSE:

4. Admit that you did not apply your brakes before hitting the Plaintiffs' vehicle.

RESPONSE:

5. Admit that you did not apply your brakes in enough time to avoid hitting the Plaintiffs' vehicle.

RESPONSE:

6. Admit that you own the vehicle involved in the collision with the Plaintiffs.

RESPONSE:

7. Admit that you failed to pay proper attention to the traffic conditions immediately prior to the collision.

RESPONSE:

8. Admit that you failed to pay proper attention at the time of the collision.

RESPONSE:

9. Admit that the Plaintiffs did absolutely nothing to cause this wreck.

RESPONSE:

10. Admit that you are the sole party responsible for the wreck described in the Complaint.

RESPONSE:

11. Admit that you are 100% responsible for the wreck described in the Complaint.

RESPONSE:

12. Admit that the Plaintiffs were injured as a result of the wreck described in the Complaint.

RESPONSE:

Respectfully submitted this the 22nd day of February, 2019.

Sarah M. Booher, BPR #035051
For the Firm
OEB LAW, PLLC
*Attorney for the Plaintiffs*
706 Walnut Street, Suite 700
Knoxville, TN 37902
(865) 546-1111 (phone)
(865) 566-0658 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have furnished a true and exact copy of the foregoing Requests for Admissions to

DARIUS RUSSELL
206 SWIFT ST
ATMORE, AL 36502

by placing the same with the Complaint to be served with process on this the 22nd day of February, 2019.

Sarah M. Booher

# IN THE CIRCUIT COURT FOR MCMINN COUNTY, TENNESSEE

DIXIE SHAW and DIXIE
SINGLETARY,

     Plaintiffs,

v.

DARIUS RUSSELL and CRST
EXPEDITED, INC.,

     Defendants.

Docket No. 2019-CV-51

[JURY DEMANDED]

FILED

910

CIRCUIT COURT
BY_____UK

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO DEFENDANT RUSSELL

Come the Plaintiffs, Dixie Shaw and Dixie Singletary (hereinafter collectively "Plaintiffs"), by and through counsel, and hereby propounds the following interrogatories to **Defendant Darius Russell** (hereinafter "Defendant"), pursuant to Rules 26 and 33.01 of the *Tennessee Rules of Civil Procedure* to be answered separately and fully in writing, under oath, within thirty (30) days of service for inspection and copying at OEB LAW, PLLC, 706 Walnut Street, Suite 700, Knoxville, Tennessee 37902, at 10:00 a.m. on the first business day following the thirtieth day after service.

These Interrogatories are considered continuing in nature and are to be supplemented in accordance with the *Tennessee Rules of Civil Procedure.*

If you refuse to answer any of these Interrogatories or refuse to produce any of the requested documents in whole or in part, please describe the information withheld and the basis for your refusal to provide that information, including any claim of privilege or work product, in sufficient detail so as to permit the Court to adjudicate the validity of your claim.

## INTERROGATORIES

1. State your correct legal name, address, marital status, age, social security number, and occupation, both now and at the time of the collision. Provide any other names or aliases by which you have been known.

ANSWER:

2. Please list the names, addresses, and phone numbers of all witnesses or persons believed or known by you to have any knowledge concerning facts about the incident.

ANSWER:

3. Please produce a copy of any statement or incident report made in regards to this incident, whether in video, audio, written, transcript, or other format.

ANSWER:

4. Please provide the date of any criminal conviction, plea, suspension, or employment reprimand including but not limited to license suspensions and revocations, traffic violations, work suspensions, or firings, as well as the location and nature of each.

ANSWER:

5. Please identify all persons whom you intend to call as an expert at trial, providing the subject-matter on which this person is expected to testify, a summary of grounds therefore, a copy of this person's curriculum vitae, and a copy of any and all reports created by this person in forming opinions in this matter.

ANSWER:

6. Please provide the name, address, phone number, and insurance carrier of the registered driver of the automobile you were driving or riding in at the time of the collision.

ANSWER:

7. State the exact or approximate speed of both yours and the Plaintiff's vehicle, as well as the speed of any other vehicles involved in the collision, specifying speeds at the first time you saw the Plaintiff and at the time of impact, as well as the distance between yours and the Plaintiff's vehicle for each.

ANSWER:

8. State the purpose of your trip at the time of the collision.

ANSWER:

9. List all persons, entities, or things which you believe contributed to the cause of this wreck, stating all facts surrounding your contention and the percentage of contribution, including location and contact information for each, as well as all evidence which you allege supports your contention or belief of contribution. In none exists, please so state.

ANSWER:

10. If there were any tire or other marks on the road as a result of the wreck, describe such marks, giving details on length, size, and location on the road surface, relation to each vehicle after it came to rest, and how and by which each mark was made.

ANSWER:

11. If you have been involved in any other motor vehicle accidents other than this one within the past ten (10) years, please state the date, location, and nature of each, including who was found to be at fault and the outcome of each.

ANSWER:

12. Attach to your answers to these interrogatories copies of all documents of whatever nature -- including but not limited to medical records, business records, employment records, vehicle damage appraisals, automobile insurance policies and declaration sheets, and any other documentation, illustration, or media -- upon which you intend to rely or introduce at trial.

ANSWER:

13. Please provide the date of an examination that was made of your vehicle after the wreck, with the name, address, and occupation of the person(s) making such examination, the name and address of the person now in possession and custody of the records thereof, an estimate of damages, and all appraisals and pictures taken of said vehicle.

ANSWER:

14. Please produce any letters, statements, incident report forms, voice or video recordings, and other visual depictions or media recordings, concerning this matter or of the Plaintiff in general, in the possession of you, your agents, attorneys, employees, investigators, independent medical examiners or experts -- including but not limited to maps, pictures, photographs, drawings, renderings, reconstructions, reports, appraisals, measurements, business records, medical records, surveillance video, recorded statements, and employment records. If unable to produce, state nature, date, and location of said item, reason for inability to produce, and the name and contact information for the person who is in possession of the item.

ANSWER:

15. If the view of any driver involved in the incident was obstructed as he approached the scene of the collision, describe each obstruction in detail, the location of each obstruction in relation to the accident, and which driver was affected by each. Please produce any picture, chart, graph, drawing, video, or any other visual portrayal of said obstruction.

ANSWER:

16. State whether you consumed any drugs (legal or illegal) or alcohol within twenty-four (24) hours before the collision, the type or nature of the drug(s) or beverage(s) the quantity, the time and place where the drug(s) or beverage(s) were consumed, and if the drug(s) are prescribed, by whom and for what condition.

ANSWER:

17. Identify all persons whom you intend to call as a lay witness, specifying for each the subject-matter on which the witness is expected to testify, the substance of the facts upon which the witness will rely, and the name, address, and phone number of each.

ANSWER:

18. If you or your passengers, if any, received any medical evaluations, care, or treatment as a result of the wreck, please list each provider from which the evaluation/treatment was sought, the address for each provider, the dates of service, and any and all medical diagnosis that resulted.

ANSWER:

19. Please provide your cell phone records for all calls made within the twelve hours before and after this wreck.

ANSWER:

20. Describe in as much detail as possible any and all field sobriety tests and/or Blood Alcohol Tests (whether Breathalyzer, blood, or urine test) administered to you during the eight (8) hours immediately following this wreck, including but not limited to, who administered the test, how, where, and when it was administered, the results of each such test, and if you dispute the results of any such rest, your reasons therefor.

ANSWER:

21. Describe any and all mechanical problems you were experiencing with your vehicle at the time of and immediately before this collision.

ANSWER:

22. Describe any and all physical or mental conditions you had which were affecting your driving in any way at the time of this wreck and the time of onset of any such condition.

ANSWER:

23. Please state the names, addresses, telephone numbers, place of employment, job titles or capacities, and present whereabouts of all agents, servants, employees, representatives, private investigators, or others who made any investigation of the events complained of in this case on your behalf.

ANSWER:

24. Have you read each of your responses to the foregoing Interrogatories, and do you understand that your answers are made under oath, and are you aware that these

Interrogatories are continuing in nature and that you have a continuing obligation to supplement these Interrogatories as facts and information become known to you?

ANSWER:


Respectfully submitted this the 22nd day of February, 2019.


*[signature]*
Sarah M. Booher, BPR #035051
For the Firm
OEB LAW, PLLC
*Attorney for the Plaintiffs*
706 Walnut Street, Suite 700
Knoxville, TN 37902
(865) 546-1111 (phone)
(865) 566-0658 (facsimile)


### CERTIFICATE OF SERVICE

I hereby certify that I have furnished a true and exact copy of the foregoing Interrogatories and Requests for Production to

DARIUS RUSSELL
206 SWIFT ST
ATMORE, AL 36502

by placing the same with the Complaint to be served with process on this the 22nd day of February, 2019.


*[signature]*
Sarah M. Booher

IN THE CIRCUIT COURT FOR MCMINN COUNTY, TENNESSEE

DIXIE SHAW and DIXIE
SINGLETARY,

        Plaintiffs,

v.

DARIUS RUSSELL and CRST
EXPEDITED, INC.,

        Defendants.

Docket No. 2019-Cv-51

FILED

910

BY_____ ュー

## REQUEST FOR ADMISSIONS PROPOUNDED TO
## DEFENDANT CRST EXPEDITED INC

     The undersigned attorney, on behalf of the Plaintiff, requests that **Defendant CRST Expedited Inc.** makes the following admissions, pursuant to *Tennessee Rules of Civil Procedure* 36 and the applicable local rules of the court for the purpose of this action only and subject to all pertinent objections to the admissibility that may be interposed at trial.

     Should you admit or deny the truth of any matter of fact or information or belief, so state in detail the nature and source of information on which said response is based. You are further notified that if the following admissions are not properly responded to, the requesting party will seek full sanctions as provided in the *Tennessee Rules of Civil Procedure* including, but not limited to, moving the Court to assess the expenses of proving the fact covered by said admissions, including attorney's fees incurred in making such proof.

REQUEST NO 1:    Admit that on or about February 25, 2018, you were the owner of the vehicle that was involved in a collision with the Plaintiff's vehicle.

RESPONSE:

REQUEST NO 2:    Admit that at the time of the collision, Defendant Driver was an employee of yours.

RESPONSE:

REQUEST NO 3:    Admit that at the time of the collision, Defendant Driver was operating a vehicle owned by you.

RESPONSE:

REQUEST NO 4:    Admit that Defendant Driver was on the job, working for you at the time the collision occurred.

RESPONSE:

REQUEST NO 5:    Admit that Defendant Driver's actions were within the scope of his employment at the time of the collision occurred.

RESPONSE:

REQUEST NO 6:    Admit that you did not extensively review Defendant Driver's criminal history prior to hiring him.

RESPONSE:

REQUEST NO 7:    Admit that you did not extensively review Defendant Driver's prior driving history before hiring him.

RESPONSE:

REQUEST NO 8:    Admit that you fired Defendant Driver as a result of the collision which is the subject of this lawsuit.

RESPONSE:

REQUEST NO 9:    Admit that you disciplined Defendant Driver as a result of the collision which is the subject of this lawsuit.

RESPONSE:

REQUEST NO 10:    Admit that Defendant Driver has been disciplined prior to the collision which is the subject of this lawsuit.

RESPONSE:

REQUEST NO 11:    Admit that Defendant Driver was operating a vehicle with your knowledge at the time of the collision which is the subject of this lawsuit.

RESPONSE:

REQUEST NO 12:    Admit that Defendant Driver was operating a vehicle with your permission at the time of the collision which is the subject of this lawsuit.

RESPONSE:

REQUEST NO 13:    Admit that Defendant Driver was 100% responsible for the collision described in the Complaint.

RESPONSE:

REQUEST NO 14:    Admit that you negligently entrusted a vehicle you owned to the Defendant Driver.

RESPONSE:

REQUEST NO 15:    Admit that Plaintiffs were injured in the collision described in the Complaint.

RESPONSE:

Respectfully submitted this the 22nd day of February, 2019.

Sarah M. Booher, BPR #035051
For the Firm
OEB LAW, PLLC
*Attorney for the Plaintiffs*
706 Walnut Street, Suite 700
Knoxville, TN 37902
(865) 546-1111 (phone)
(865) 566-0658 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have furnished a true and exact copy of the foregoing to

CRST EXPEDITED, INC
c/o REGISTERED COGENCY GLOBAL INC.
155 EAST MARKET, SUITE 800
INDIANAPOLIS, IN 46204

via US First Class Mail with sufficient postage thereon to guarantee delivery of the same thereto on this the 22nd day of February, 2019.

Sarah M. Booher

# IN THE CIRCUIT COURT FOR MCMINN COUNTY, TENNESSEE

DIXIE SHAW and DIXIE
SINGLETARY,

      Plaintiffs,

v.

DARIUS RUSSELL and CRST
EXPEDITED, INC.,

      Defendants.

Docket No. 2019 - CV - 51

FILED

910

---

## PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION PROPOUNDED DEFENDANT CRST EXPEDITED INC.

Comes the Plaintiff, by and through counsel, and hereby propounds the following Interrogatories to **Defendant CRST Expedited Inc.** (hereinafter "Defendant"), pursuant to Rules 26 and 33.01 of the *Tennessee Rules of Civil Procedure*, to be answered separately and fully in writing, under oath, within thirty (30) days of service for inspection and copying at OEB LAW, PLLC, 706 Walnut Street, Suite 700, Knoxville, Tennessee 37902, at 10:00 a.m. on the first business day following the thirtieth day after service.

The Interrogatories are to be considered continuing in nature and are to be supplemented in accordance with the *Tennessee Rules of Civil Procedure*.

If your refuse to answer any of these Interrogatories or refuse to produce any of the requested documents in whole or in part, please describe the information withheld and the basis of your refusal to provide that information, including any claim of privilege or work product, in sufficient detail so as to permit the Court to adjudicate the validity of your claim.

## INTERROGATORIES

1. State your correct legal name and address, both now and at the time of the collision that is the subject of the Complaint. Provide any other names or aliases by which you have been known. Also, state the relationship between you and the co-defendant.

ANSWER:

2. List the names and addresses of all witnesses or persons believed or known by you to have any knowledge concerning facts about the incident.

ANSWER:

3. Please list the names and addresses of those persons who have given to you, your attorney, or any person, firm, or corporation acting on your behalf, any statements, accident reports, voice or video recordings, medical proof of claim forms, reports, or memoranda in any way concerning this accident; the date of such statement, accident report, voice or video recording, medical proof of claim form, report, or memoranda; and the name, telephone number, and address of the person, firm, or corporation who now has possession of the same.

ANSWER:

4. State the name, address, or other information concerning the location of every person known, or reasonably believed by you, your agents, investigators, or other representatives, to have knowledge, information, or possession of any map, picture, photograph, drawing, or other document about any issue or fact concerning the incident. Please produce said maps, pictures, photographs, drawings, or other documents.

ANSWER:

5. Did you or your agent give a statement or incident report to any person, firm, or corporation regarding this accident? If so, specify the date each such statement was given; the name, address, and occupation of the person to whom and for whom each such statement was given; and the name and address of the person, firm, or corporation having possession of each statement.

ANSWER:

6. Identify all persons who you intend to call as expert witnesses at trial and for each such expert, specify the subject-matter on which said expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds of each opinion to which said expert will testify.

ANSWER:

7. Identify all other experts consulted or engaged by you, your attorney, or your agents.

ANSWER:

8. Please produce any statement, accident report, voice or video recording, medical proof claim form, report, or memoranda concerning this collision or the injuries sustained by any party in this collision.

ANSWER:

9. Describe in detail the hiring process you undertook when hiring Defendant Driver, including the results of any and all background and reference checks and drug screens.

ANSWER:

10. Are you owner of the vehicle being operated at the time of the incident? If you were not the owner, please state the owner's name, address, phone number, and whether or not that person had automobile insurance at the time of the collision, giving the name of the agency under which the vehicle was insured.

ANSWER:

11. Please produce all disciplinary reports and drug/alcohol screens for the past ten (10) years concerning Defendant Driver.

ANSWER:

12. Describe in detail every action - disciplinary, investigatory, or otherwise — you took regarding Defendant Driver from the time you first discovered the collision until the present.

ANSWER:

13. State the purpose of Defendant Driver's travel at the time of the collision.

ANSWER:

14. State the facts upon which you rely to support your contention that the Plaintiff was not injured as result of this collision.

ANSWER:

15. Specify the time, place, and substance of any conversation you and your agent, or any person in your presence had at the scene of the collision about the manner in which the collision happened.

ANSWER:

16. Did someone examine your vehicle to determine the extent of the damage thereto? If so, give the date of said examination; the name, address, and occupation of the person or persons making such examination; the name and address of the person now in possession and custody of the vehicle; and any estimates or appraisals of the damage.

ANSWER:

17. Do you or your attorneys, agents, servants, or employees have any letters, statements, incident report forms, voice or video recordings concerning this collision that were made by the Plaintiff? If so, give the nature of the same, the date each was taken, the name, address, and occupation of the person taking the same, the name and address of the

person, firm, or corporation currently having possession of the same, and please produce said letters, statements, incident report forms, voice or video recordings.

ANSWER:

18. State your alcohol and drug policy, including frequency and methods of testing.

ANSWER:

19. State the facts upon which you rely to support your contention that the Plaintiff was at fault or comparatively negligent.

ANSWER:

20. Have you read each of your responses to the following Interrogatories and do you understand that your answers are made under oath and that these Interrogatories are continuing in nature and that you have a continuing obligation to supplement these Interrogatories as facts and information become known to you?

ANSWER:

Respectfully submitted this the 22nd day of February, 2019.

_____
Sarah M. Booher, BPR #035051
For the Firm
OEB LAW, PLLC
*Attorney for the Plaintiffs*
706 Walnut Street, Suite 700
Knoxville, TN 37902
(865) 546-1111 (phone)
(865) 566-0658 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have furnished a true and exact copy of the foregoing to

> CRST EXPEDITED, INC
> c/o REGISTERED COGENCY GLOBAL INC.
> 155 EAST MARKET, SUITE 800
> INDIANAPOLIS, IN 46204

via US First Class Mail with sufficient postage thereon to guarantee delivery of the same thereto on this the 22nd day of February, 2019.

_____
Sarah M. Booher

Complaint

CRST Exp Inc

25 February 19

U.S. POSTAGE >> PITNEY BOWES

ZIP 37243 $ 007.90°
02 4W
0000336983 MAR 05 201



CERTIFIED MAIL

7018 1830 0000 4541 3504

Business Services Division
cretary of State Tre Hargett

**State of Tennessee**
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243-1102

CRST EXPEDITED INC
STE 800
155 E MARKET
: R/A COGENCY GLOBAL INC
INDIANAPOLIS, IN 46204

IN THE CIRCUIT COURT FOR MCMINN COUNTY, TENNESSEE

DIXIE SHAW and DIXIE
SINGLETARY,

      Plaintiffs,

v.

DARIUS RUSSELL and CRST
EXPEDITED, INC.,

      Defendants.

Docket No. 2019-CV-51

[JURY DEMANDED]

FILED

RECEIVED & FILED BY
CIRCUIT COURT CLERK
BY_____

---

## COST BOND

---

      I certify myself as surety in this cause pursuant to T.C.A. § 20-12-120 for the Court costs in this matter but no further.

Sarah M. Booher

IN THE CIRCUIT COURT OF MCMINN COUNTY, TENNESSEE
AT ATHENS

DIXIE SHAW and DIXIE
SINGLETARY,

    Plaintiff,

vs.

DARIUS RUSSELL and CRST
EXPEDITED, INC.,

    Defendants.

No.: 2019-CV-51
JURY DEMAND (12)

FILED

MAR 2 5 2019
3:30pm
RHONDA J. COOLEY
CIRCUIT COURT CLERK
BY_____ D.C.

## NOTICE OF APPEARANCE

Come now Defendant CRST Expedited, Inc., by and through undersigned counsel of record, without waiving any affirmative defenses, including, but not limited to, jurisdiction, venue, or service of process, and state to this Honorable Court that Richard C. Mangelsdorf, Jr. of McAngus Goudelock & Courie, LLC ("MGC") will be representing CRST Expedited, Inc., in this cause of action and request that Richard C. Mangelsdorf, Jr. be entered as a counsel of record by the Clerk of the Court.

The undersigned counsel hereby requests that all notices given or required to be given, and all pleadings served or required to be served, in this case be given to and served upon the undersigned at the address indicated below.

Respectfully submitted this, the 22 day of _____, 2019.

Page 1 of 3

Respectfully submitted,

MCANGUS GOUDELOCK & COURIE

BY: _____
        RICHARD C. MANGELSDORF, JR.,
        012707
        Post Office Box 198349
        201 4th Avenue N., Suite 1400
        Nashville, Tennessee 37219
        Phone: (615) 499-7281
        Facsimile: (615) 523-1496
        Email: chuck.mangelsdorf@mgclaw.com

        ATTORNEY FOR CRST EXPEDITED,
        INC.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record by depositing a copy of the same in an official depository of the U.S. Mail in a postage-paid envelope addressed as follows:

> Sarah M. Booher
> The Law Offices of Ogle, Elrod, and Baril, PLLC
> 706 Walnut Street, Suite 700
> Knoxville, Tennessee 37902
> Attorney for Dixie Shaw and Dixie Singletary

This the 22 day of March, 2019.

RICHARD C. MANGELSDORF, JR.